Ibrahim, Salih
441 Combs ct
Marina, CA 93933

CV 15    336 PSG

ADR
E-filing

FILED
JAN 23 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

#5
ifp
SRM

San Jose District Court

Salih Ibrahim: Plaintiff

v.

1- Defense Language Institute Foreign Language Center, Presidio of Monterey, Monterey, CA 93944

2- Hiam Kanbar Dean of Middle East School 1 (DLIFLC)

2- Badria Mohamed Chairperson of Department F Middle East School1 (DLIFLC)

Your honorable judge:

I have been working at Defense Language Institute (DLI) as assistant professor since July 2008 and I am presenting this claim against some of DLI officials because of their consistent discriminatory treatment which was exemplified in the followings:

I have been exposed to an ongoing discriminatory treatment, abuse of power, and violation my rights by the Dean of Middle East School One (ME1) Hiam Kanbar, and the immediate supervisor of Department F Badria Mohamed between 2011- and 2013. These included falsifying documents, unfair annual appraisal, denial of paid leave, refusal of signing of leave recipients and ignoring my email communications. (Please see footnote).

Details: -

A) Ongoing Discriminatory treatments: **Annual appraisal**
1) The Dean of Middle East School One, Dr. Kanbar and my immediate Supervisor Mrs. Badria Mohamed issued and signed back- dated false documentations that I was working for Department F during October 1, 2010 – April, 2011, while in fact, I was working for Department B (Supervisor, Mr. Samal) during that time (see attachment A1.A2, A3). This case was investigated and verified by DLI Inspector General Mr. Skip Johnson (see attachment A4, A5).
2) I believe that Dean Kanbar & Mrs. Badria Mohamed have falsified the documentation intentionally and on purpose as that down-graded my performance assessment and gave me low merit points which damaged my career file record.
3) The low rating and low points continued in 2011, 2012 and 2013 (see attachment A7, A8) compared with that of the year 2011.. [2010 SI] For instance in 2013, the supervisor told me that she

Ibrahim, Salih

wanted to give me Block 2 rating but the dean refused and I brought this issue to the Provost attention. (See Footnote).

B) Abuse of Power

On May 2012, the Supervisor Badria Mohamed & Dean Hiam Kanbar forced me to take only Fourteen days Leave Without Pay (LWOP) and denied me to use my available Annual Leave (see attachment B.1& 2) to attend my father's health emergency in Sudan (see attachment B.3).

4) I brought my father to California for more treatment on June 2012, where he underwent big heart surgery on August 2012 (see attachment B.4). For the second time, The Dean abused the power of authority when I was denied to be a Voluntary Leave Recipient for three month from August 13/2012 to November 13/2012 (see attachment B.5). I had to have Humane Resources (CPAC) get involved and forced the Dean to sign Voluntary Recipient leave slip.

Retaliation as discriminatory practice:

1) The Dean of ME1 violated the Civil Rights Act 1967, Title V11 by retaliating against me after I took medical leave to take care of my father, through the CPAC. The retaliation action appeared through the big change in my contract renewal (NTE) as the Dean abused her authority power and used the NTE as punishment tool and reduced the renewal for only 3 months (see attachment C.1 & 2): from the end of September to the end of December 2012, renewed for One month from the end of December to the end of January, and followed a renewal for Six months from the end of January to the end of July 2013. Then followed renewals for six months twice.

Examples of retaliation after I met the provost Dr. Betty Leaver on 01/15/2014 (see attachment C.3, C4 & see footnote):-

1) As a result of the Provost office's involvement, the Supervisor Badria and the Dean of ME1 started exposing a form of harassment and retaliation as the supervisor made so many allegations against me and the Dean ignored a complaint message I emailed her (see attachment C4) and after six days on March 18th 2014 she sent me an email not related to my email at all but was a clear intimidation and retaliation (see attach C.5 ). The Dean refused to schedule a meeting with me on my request and earlier she ignored other work related messages I sent to her ( see attachment C.6).

Ibrahim, Salih

2) In response to my complaint of the retaliation, harassment and intimidation I was subjected to from the supervisor and the Dean, the Provost office transferred me to ME2 on 21 March 2014 as relief action (see attach C.8).

Finally:

1) Under the Civil rights Act 1964, Title VIII, the points I stated above are clear retaliation against me for opposing discriminatory practices and provide evidence that unfair treatment and false documentation against me adversely affected me financially and effected my health (see attachment D.1).
2) These discriminatory practices were irreparable harm to my career record and prevented me from any kind of promotion such as applying for rank advancement "Associate Professor" and I could not obtain DLILFC's Education Tuition Assistant because of low Annual Appraisal Rating issue.

Footnote: ─────────────────

Documents E1 will show you the huge change for the Class Observation compare to attach C4.
Documents E2 will show teamwork, professionalism and work performance. Documents E3, Department C, ME2, This document can be considered Independent document so it can be compared to Attach A1.
Also compare A1 and A3. E4 shows how Dr. Kanabr neglecting & ignoring my emails.

Sincerely

Salih Ali Ibrahim        *[signature]*        07/23/2015

441 Combs Ct, Marina, CA 93933