UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALIH IBRAHIM,<br><br>                    Plaintiff,<br><br>           v.<br><br>DEFENSE LANGUAGE INSTITUTE, et al.,<br><br>                    Defendants. | Case No. 5:15-cv-00336-PSG<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**(Re: Docket No. 20)** |

    Plaintiff Salih Ibrahim asks this court to appoint counsel on his behalf for a third time. The court previously denied Ibrahim counsel due to the "insufficient contents of [his] filing"[1] and in light of his failure to attempt to secure counsel on his own.[2] Ibrahim's request is now more detailed and documents attempts to secure counsel on his own, satisfying the basic Ninth Circuit standard.[3]

---

[1] Docket No. 5.

[2] Docket No. 15.

[3] To determine whether to appoint counsel, the district court must consider (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own and (3) the merit of the plaintiff's claim. *See Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (citing *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982)); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

1

Case No. 5:15-cv-00336-PSG
ORDER DENYING MOTION TO APPOINT COUNSEL

Once the court has determined that an individual qualifies for an appointment of counsel, the court still has the discretion to decide whether such appointment is proper. "The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.' 'A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"[4] Here, Ibrahim has demonstrated sufficient writing ability and legal knowledge to articulate his claims. The facts he has alleged and the issues he has raised are not of substantial complexity to justify court-appointed counsel at this juncture.

The motion to appoint counsel is DENIED.

**SO ORDERED.**

Dated: May 13, 2015

                                                        PAUL S. GREWAL
                                                        United States Magistrate Judge

---

[4] *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).